# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| IRMA R. GOODMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08-3279-CV-S-FJG-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq., in which plaintiff requested review of the Commissioner's decision denying her applications for disability benefits. Plaintiff's claims were denied initially. On October 26, 2007, an administrative law judge (ALJ) rendered a decision in which he found that plaintiff was not under a "disability," as defined in the Act. On June 10, 2008, the Appeals Council of the Social Security Administration denied plaintiff's request for review. Thus, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff's appeal is before the Court on plaintiff's motion for summary judgment. The facts and arguments are presented in the parties' briefs and will not be repeated here.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under section 205. Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the

Commissioner. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995). This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain v. Railroad Retirement Bd., 88 F.3d 528, 530 (8th Cir. 1996). The Court's role, however, is not to re-weigh the evidence or try the issues de novo. Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1994)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence is more than a mere scintilla but less than a preponderance. It means such evidence that a reasonable mind would accept as adequate to support a conclusion. Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997), citations omitted. The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988). "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision." Roe v. Chater, 92 F.3d 672, 672 (8th Cir. 1996) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d) (1) (A). If the claimant succeeds, the burden of production shifts to the commissioner to establish

2

that plaintiff can perform some other type of substantial gainful activity in the national economy. See Young v. Apfel, 221 F.3d 1065, 1069, n. 5 (8th Cir. 2000); see also, 68 Fed. Reg. 51,153 - 51,163 (August 26, 2003); 20 C.F.R. § 404.1560(c)(2).

Plaintiff contends that the ALJ erred in rendering his decision by failing to order a consultative psychological examination that could have aided the ALJ in rendering a fully informed opinion. Specifically, the ALJ decided that there was no evidentiary basis in the record indicating that plaintiff suffered from a mental impairment, and thus a psychological consult was not required to render a decision.

The Court has reviewed the parties' briefs, the decision of the ALJ, the transcript of the hearings and the additional medical and documentary evidence. In this case, the Court cannot find substantial evidence on the record to support the commissioner's decision. Specifically, the Court finds the ALJ erred in not obtaining a psychological consultation. During the hearing held on August 29, 2007, the medical advisor, Dr. Phillip McCown, testified that whether plaintiff's impairment met a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1 was a "grey zone." Dr. McCown testified that he was leaning towards opining that plaintiff's impairment did not equal a listed impairment, but noted at one point that a psychological examination would help him grasp the full extent of plaintiff's impairments given the conflicting medical evidence. The ALJ denied plaintiff's request to obtain a psychological consult due to the absence of evidence demonstrating that plaintiff suffered from a mental impairment. However, as plaintiff points out, the medical advisor sought this information to assist him in assessing plaintiff's chief medical complaint, namely her lower back pain.

In Dozier v. Heckler, 754 F.2d 274 (8th Cir. 1985), the court stated: "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is

3

necessary for him to make an informed decision." Id. at 276 (quoting Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984)). The medical advisor repeatedly asserted that this was a borderline case as to whether plaintiff met a listed impairment, and he felt that a psychological consultation would be helpful in rendering an informed opinion. Thus, the ALJ should have obtained a consultative psychological exam.

Plaintiff requests that the Court reverse this decision and award benefits or in the alternative reverse and remand for the ALJ to obtain the above noted information and resubmit the case to the medical advisor for his consideration. The Court finds that the appropriate course is to reverse and remand, and allow the ALJ an opportunity to take and evaluate new medical evidence and resubmit it to the medical advisor for further evaluation of plaintiff's impairment.

Therefore, for the foregoing reasons, it is **ORDERED** that plaintiff's motion for summary judgment (Doc. No. 6) is **GRANTED.** The decision of the Secretary is reversed and this case is remanded pursuant to 42 U.S.C. § 405(g)(6) for further proceedings consistent with this Order.

**IT IS SO ORDERED**.

Date: 3/31/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN**, **JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge